IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No. 2:17-cr-20378-JTF-1 |
| | ) | |
| ROBERT HARDY, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant Robert Hardy's Motion to Suppress filed on April 06, 2018. (ECF No. 20.) On April 12, 2018, the matter was referred to the Magistrate Judge. (ECF No. 21.) Thereafter, Plaintiff United States filed its April 27, 2018 Response in opposition to Defendant's Motion, (ECF No. 24), and Defendant submitted his Supplement to his Motion on July, 24, 2018. (ECF No. 42.) The Magistrate Judge heard the matter on August 22, 2018, and on November 21, 2018, issued a Report and Recommendation suggesting that the Motion be denied. (ECF No. 47 & 54.) No Objections to the Report and Recommendation were submitted. For the reasons below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

## I.    FINDINGS OF FACT

In the Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 54, 1–5.)

## II.    LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v.*

*Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A)–(B). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). "The district court is not required to review—under a *de novo* or any other standard—'any issue that is not the subject of an objection.'" *Brown*, 47 F. Supp. 3d at 674 (emphasis added) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

### III. ANALYSIS

The issues presented by the instant Motion are (i) whether any evidence obtained from the contested traffic stop, and the ensuing detention which necessarily followed, should be suppressed as a violation of *Terry v. Ohio*; and (ii) whether a violation of *Miranda v. Arizona*

requires the suppression of all evidence obtained against Defendant, including admissions and/or statements made. (ECF No. 20, 2; ECF No. 42, 1–2.)

A. Fourth Amendment

The Magistrate Judge recommends denial of Defendant's Motion to Suppress based on a number of findings, which this Court considers in turn. As an initial matter, the Magistrate Judge found that Defendant has standing to contest the stop of the vehicle and the resulting seizure of his person but not the search of the vehicle. (ECF No. 34, 13–15.) Although it does not appear that Defendant is challenging the search of the vehicle, the Court, for purposes for clarity, agrees with and ADOPTS the finding. *United States v. Mitchell*, No. 10-20299, 2012 U.S. Dist. LEXIS 50891, at *12 (W.D. Tenn. Apr. 11, 2012) (holding that a passenger cannot establish standing to challenge the search of the vehicle)); *see United States v. Ellis*, 497 F.3d 606, 612 (6th Cir. 2007) (citing *United States v. Jones*, 374 F. Supp. 2d 143, 154 (D.D.C. 2005) (holding that a passenger challenging the constitutionality of a stop may also challenge whether any evidence obtained from an unlawful stop, and the ensuing detention which necessarily follows, should be suppressed)). Accordingly, the Magistrate Judge analyzed the stop and detention of Defendant under applicable law.

In his Motion, Defendant alleges that the traffic stop initiated here was not based on probable cause of a civil infraction because officers approached the vehicle when it was stopped in a parking lot and Defendant was exiting the vehicle. (ECF No. 20, 3–4.) Respondent, however, contends that the stop complies with the Fourth Amendment because the stop was initiated after the officer saw the vehicle traveling without a properly illuminated rear license tag. Respondent additionally submits that the officers had probable cause to extend the length of the traffic stop and search the vehicle because they smelled marijuana emanating from the vehicle

and spotted a digital scale. (ECF No. 24, 3.) On the issue, the Magistrate Judge recommends that (i) the initial stop of the vehicle was lawfully based on reasonable suspicion as well as probable cause of a civil infraction—namely, that the vehicle's rear license tag was not illuminated; and (ii) the driver's admission to smoking marijuana in the car earlier that day and Defendant's statement that he had a marijuana blunt on him gave the officer both reasonable suspicion of additional criminal conduct and probable cause to arrest Defendant and conduct a warrantless search of the vehicle. (ECF No. 54, 6–7.) The Court agrees with the Magistrate.

The constitutionality of an investigatory traffic stop is evaluated by a two-step analysis: "first, there must be a proper basis for the stop; second, the degree of intrusion must be reasonably related in scope to the situation at hand." *United States v. Bullock*, No. 17-cr-20285-SHL-tmp, 2018 U.S. Dist. LEXIS 121988, at *7 (W.D. Tenn. May 18, 2018). Officer Moody initiated the traffic stop here because the vehicle did not have working rear tag lights, in violation of Tenn. Code Ann. § 55-4-110(c)(1). (Ex. 1; Ex. 2, 1:52:00–1:52:22; *see also* ECF No. 54, 2.) Section 55-4-110(c)(1) states, "Except as provided in subdivision (c)(2), for all motor vehicles that are factory-equipped to illuminate the registration plate, the registration plate shall be illuminated at all times that headlights are illuminated." Tenn. Code Ann. § 55-4-110. That section, however, does not apply to antique vehicles as defined in Tenn. Code Ann. § 55-4-111(b). Tenn. Code Ann. § 55-4-110(c)(2). "The Sixth Circuit differentiates between ongoing and completed violations when assessing whether an officer lawfully stopped a vehicle." *United States v. Sanchez*, No. 18-cr-20031-JTF-tmp, 2018 U.S. Dist. LEXIS 175351, at *7 (W.D. Tenn. July 11, 2018). "Because a violation of T[enn]. C[ode] A[nn]. § 55-4-110 is considered an 'ongoing' criminal offense, an officer need only possess reasonable suspicion (as opposed to probable cause) that a vehicle's license plate violates the statute in order to justify an

investigatory stop under the Fourth Amendment." *Bullock*, 2018 U.S. Dist. LEXIS 12198, at *7. Accordingly, the proper question is not whether Defendant was, in fact, violating § 55-4-110(c) by not illuminating his rear license tag, but whether Officer Moody had an objectively reasonable suspicion that a violation of that statute was occurring. *United States v. Simpson*, 520 F.3d 531, 542 (6th Cir. 2008); *Bullock*, 2018 U.S. Dist. LEXIS 12198, at *13.

The Court finds that Officer Moody had an objectively reasonable suspicion (as well as probable cause) that a violation of Tenn. Code Ann. § 55-4-110 was occurring. Here, Defendant was a passenger in a 2003 Maxima. (ECF No. 20-1, 1; *see* ECF No. 20, 1.) A 2003 Maxima is not an antique vehicle as defined in and excepted by Tenn. Code Ann. 55-4-111(b)(1) because it was not over twenty-five (25) years old at the time of the alleged offense. *See* Tenn. Code Ann. 55-4-111(b)(1). As found by the Magistrate, "Officer Moody credibly testified that he observed the 2003 Maxima traveling on Bellevue Avenue on two separate occasions without its tag lights working, in violation of Tennessee law, and that was the reason he initiated the traffic stop." (ECF No. 54, 6; *see* ECF No. 20-1, 1; Ex. 2, 1:52:00–1:52:22; Ex. 4, 2:52–3:10.) A violation of Tenn. Code. Ann. § 55-4-110 for failure to illuminate a rear license plate provides an officer both reasonable suspicion and probable cause to make a traffic stop. *See United States v. Alexander*, No. 3:07-00256, 2008 U.S. Dist. LEXIS 52805, at *31–33 (M.D. Tenn. July 9, 2008) (providing a number of state and federal court cases finding that a violation of Tenn. Code. Ann. § 55-4-110 provides an officer probable cause to make a traffic stop); *see id.* at 33–34 (finding both reasonable suspicion and probable cause to stop a vehicle for a violation of Tennessee traffic law where the defendant was driving down the street in darkness without a white light illuminating the rear license plate so that the plate would be clearly visible and legible); *see also* ECF No. 20, 3–4 (providing Defendant's concession that had the driver here been operating her vehicle

without an operational tag light, there would have been probable cause for the traffic stop for a civil infraction). To the extent Defendant's testimony contradicts that of the officers', the Magistrate determined that the Officers' testimonies were credible and Defendant's testimony incredible. (ECF No. 54, 2.) The Court adopts the above credibility determinations, as the Magistrate was in the best position to assess the credibility of witness testimony, and nothing in the record sufficiently calls into question the Magistrate's assessment, but rather, supports it. *United States v. Johnson*, No. 10-20176, 2011 U.S. Dist. LEXIS 97577, at *6–7 (W.D. Tenn. Aug. 30, 2011); *see* Ex. 2, 0:00:18–0:00:21, 1:52:00–1:52:22 (corroborating Officer's Moody's recollection that he pulled the vehicle over, as opposed to merely approaching a parked vehicle); Ex. 4, 2:52–3:10 (same). Accordingly, the Court ADOPTS the Magistrate's conclusion that there was a proper basis for the stop in this case.

The Court also ADOPTS the Magistrate Judge's conclusion that Officer Moody had reasonable suspicion of additional criminal conduct as well as probable cause to arrest Defendant and conduct a warrantless search of the vehicle. Upon exiting his vehicle, Officer Moody smelled the odor of marijuana coming from the Maxima, and shortly thereafter, he observed a digital scale in the passenger door pocket. (Ex. 2, 00:01:50–00:02:40.) Moreover, the driver stated that they had smoked marijuana in the car earlier that day, and Defendant stated that he had a marijuana blunt on him. (*Id.* at 00:01:50–00:03:15.) As found by the Magistrate, "these facts gave the officer not only reasonable suspicion of additional criminal conduct, but also probable cause to arrest Defendant and conduct a warrantless search of the vehicle. (ECF No. 54, 6–7; *see United States v. Terrell*, 483 F. App'x 161, 165 (6th Cir. 2012) ("[T]he odor of drugs in a vehicle is sufficient to establish probable cause to search that vehicle."); *United States v. Kroger*, 152 F. App'x 429, 430–31 (6th Cir. 2005); *United States v. Foster*, 376 F.3d 577, 586

(6th Cir. 2004). Thus, the Court ADOPTS the Magistrate's conclusion that the officers' encounter with Defendant complied with the Fourth Amendment overall.

B. *Miranda*

The Magistrate Judge rejected Defendant's argument that *Miranda* violations justify the suppression of evidence obtained and statements and/or admissions made by Defendant. Specifically, the Magistrate Judge recommends that the statement and/or admissions made (i) to Officer Moody's questioning of Defendant upon the officer approaching the vehicle, (ii) after Defendant was placed in Officer Moody's squad car, and (iii) through Defendant's signed statement, are not subject to suppression because they were not taken in violation of *Miranda*. (ECF No. 54, 7–10.) The Court ADOPTS the Magistrate's conclusion.

The Fifth Amendment to the United States Constitution prohibits an individual from being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Under *Miranda v. Arizona*, an individual that is "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning" must be provided information on certain procedural safeguards to protect his privilege against self-incrimination. 384 U.S. 436, 479 (1966); *see also Duckworth v. Eagan*, 492 U.S. 195, 201 (1989). Relevant here, the Supreme Court, in *Hill v. Anderson*, stated as follows:

> When police ask questions of a suspect in custody without administering the required warnings, *Miranda* dictates that the answers received be presumed compelled and that they be excluded from evidence at trial in the State's case in chief. The Court has carefully adhered to this principle, permitting a narrow exception only where pressing public safety concerns demanded.

881 F.3d 483, 502 (6th Cir. 2018) (quoting *Or. V. Elstad*, 470 U.S. 298, 317 (1985)).

7

*Statements/Admissions to Questions Upon Approaching Vehicle*

Defendant seeks to suppress his statement that he had "a blunt" on him, which was ultimately made in response to Officer Moody's question, "Y'all got any drugs in the car?". Officer Moody's question occurred without *Miranda* warnings, thus, to determine whether Defendant's Fifth Amendment rights were violated by the questioning, this Court must determine whether Defendant was in custody during the questioning. *See United States v. Swanson*, 341 F.3d 524, 528 (6th Cir. 2003).

The Court ADOPTS the Magistrates conclusion that the instant statement and/or admission should not be suppressed because Defendant was not in custody for purposes of *Miranda*, since the restraint exercised never reached the level associated with "formal arrest or a coercive context tantamount to custody." *Swanson*, 341 F.3d at 529 (quoting *United States v. Salvo*, 133 F.3d 943, 953(6th Cir. 1998). "[P]ersons temporarily detained pursuant to [traffic] stops are not 'in custody' for the purposes of *Miranda*." *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *see also United States v. Ghoston*, No. 11-20098 Ma/P, 2012 U.S. Dist. LEXIS 55863, at *19–20 (W.D. Tenn. Feb. 27, 2012). Instead, courts consider "'the totality of the circumstances to determine how a reasonable man in the suspect's position would have understood the situation,' with the 'ultimate inquiry' focused on 'whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" *United States v. McKinney*, No. 1:17-cr-133-CLC-SKL, 2018 U.S. Dist. LEXIS 151891, at *12–13 (E.D. Tenn. Sept. 6, 2018) (quoting Swanson, 341 F.3d at 528–29). Relevant considerations include the following:

> (1) the purpose of the questioning;
> (2) whether the place of the questioning was hostile or coercive;
> (3) the length of the questioning; and

(4) other indicia of custody such as whether the suspect was informed at the time that the questioning was voluntary or that the suspect was free to leave or to request the officers to do so; whether the suspect possessed unrestrained freedom of movement during questioning; and whether the suspect initiated contact with the police or acquiesced to their requests to answer some questions.

*McKinney*, 2018 U.S. Dist. LEXIS 151891, at *13 (quoting *United States v. Hinojosa*, 606 F.3d 875, 883 (6th Cir. 2010)).

Analyzing the first factor, the Magistrate found that the scope of the question was limited, weighing against a finding of a *Miranda* violation. (ECF No. 54, 8–9.) It appears that Officer Moody asked the question at issue to quickly confirm or dispel a suspicion of criminal activity involving narcotics, in light of him smelling marijuana emanating from the vehicle and observing a scale. (*See* Ex. 2, 00:01:50–00:02:40.) Such a limited investigatory question has a permissible purpose for effecting a *Terry* stop. *McKinney*, 2018 U.S. Dist. LEXIS 151891, at *14 (holding it is permissible for an officer to quickly confirm or dispel a suspicion of criminal activity by asking about the use of marijuana in a defendant's vehicle). Regarding the second factor, the Magistrate found that Officer Moody was not acting in a coercive manner, disfavoring suppression. A review of the Officer Moody's body camera recording supports this conclusion. (*See* Ex. 2.) Moreover, the questioning took place in a public location—namely, a hotel parking lot. (*See id.*) "Stops which take place in public locations weigh in favor of being deemed non-custodial." *McKinney*, 2018 U.S. Dist. LEXIS 151891, at *15; *see Berkemer*, 468 U.S. at 438. Lastly, the Magistrate determined that the length of questioning, at least at that time, was brief, (ECF No. 54, 9), which is confirmed by the record, (*see* Ex. 2), favoring a finding that the statement at issue should not be suppressed. The Court further notes that, although Defendant was not completely unrestrained in his freedom of movement by virtue of the traffic stop, he was not in handcuffs or otherwise restrained at the time of the instant questioning. (*See id.*) For

9

these reasons, the Court agrees with and ADOPTS the Magistrate's conclusion that statement that he had "a blunt" on him should not be suppressed.

*Statements in Squad Car*

Defendant also seeks to suppress statements made to Officer Moody while Defendant was in a squad car, in which he admitted ownership of the items found in the vehicle. This statement, like the first analyzed above, also occurred without *Miranda* warnings. (*See* Ex. 2.) Thus, to determine whether admission of the statement would violate his Fifth Amendment rights, the Court must determine whether Defendant was in custody during the questioning.

The Court ADOPTS the Magistrate's conclusion that the instant admission should not be suppressed because it was made voluntarily. Defendant's admission of ownership of the items found in the vehicle was not made in response to any question by law enforcement. (*See id.* at 00:04:18–00:24:55.) Instead, Defendant himself got Officer Moody's attention "at some point during the search of the Maxima . . . and then voluntarily told Officer Moody that everything found in the vehicle belonged to him." (ECF No. 54, 9.) As found by the Magistrate, such a voluntary statement does not violate *Miranda*. *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980); *see also United States v. Woods*, 711 F.3d 737, 741 (6th Cir. 2013) ("[v]olunteered statements of any kind are not barred by the Fifth Amendment") (quotations omitted); *Tolliver v. Sheets*, 594 F.3d 900, 919 (6th Cir. 2010). Moreover, "[a]lthough Officer Moody later asked, 'So you are telling me what?' and 'So you are telling me the gun's yours and the drugs [are] yours?', these were permissible follow-up questions to volunteered statements because the officer was seeking clarification of something Defendant said. (ECF No. 54, 10 (first citing *Tolliver*, 594 F.3d at 921; then citing *United States v. Dennis*, No. 17-cr-20056, 2017 U.S. Dist. LEXIS 81681, at *5–6 (E.D. Mich. May 30, 2017)).) Thus, the Court agrees with and ADOPTS the Magistrate's

conclusion that Defendant's admission of ownership of the items found in the vehicle should not be suppressed.

*Signed Statement*

Lastly, Defendant seeks to suppress his signed statement in which he admitted ownership of the firearm. As found by the Magistrate, this admission was made after Officer Moody advised Defendant of his *Miranda* rights and after Defendant knowingly and voluntarily waived those rights. (*See* Ex. 2, 02:10:50–02:18:30.) An officer reading a suspect his *Miranda* rights and a suspect executing a rights waiver form, absent special circumstances not present here, both individually support a conclusion that a subsequently-made admission or statement was made voluntarily, knowingly, and intelligently in compliance with the Fifth Amendment. *See United States v. Hollins*, No. 2:17-cr-20147-TLP-1, 2018 U.S. Dist. LEXIS 64484, at *40 (W.D. Tenn. Mar. 16, 2018), *R&R adopted*, 2018 U.S. Dist. LEXIS 63599; *States v. Bland*, No. 2:17-cr-20178-JTF, 2018 U.S. Dist. LEXIS 42727, at *17–19 (W.D. Tenn. Jan. 10, 2018). Thus, the Court agrees with and ADOPTS the Magistrate's conclusion that Defendant's signed statement should not be suppressed.

## IV.   CONCLUSION

Upon *de novo* review, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED** on this 7th day of January 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge